

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,307-02

### EX PARTE JERMEY ALGONON WILLIAMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1412712-A IN THE 183RD DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a controlled substance and was given a period of deferred adjudication supervision. After he pleaded true to the allegations in the State's motion to revoke, he was sentenced to three years' imprisonment. He did not appeal his conviction.

One of the allegations in the motion to revoke was that Applicant committed a new crime, possession of MDMA, in Harris County cause number 1419256. Applicant stipulated to the allegations in the motion to adjudicate, including that he possessed MDMA. A month after that

stipulation, the evidence in cause number 1419256 was tested and was found to contain no MDMA. Based on that new lab testing, this Court overturned that conviction. *Ex parte Williams*, WR-82,307-01 (Tex. Crim. App. Nov. 19, 2014)(not designated for publication). He contends that his stipulation was involuntary because the substance he possessed was tested after his plea and found not to contain MDMA, the controlled substance Applicant pleaded guilty to possessing. Applicant is entitled to relief. *Ex parte Mable*, ___ S.W.3d ___, No. WR-81,358-01(Tex. Crim. App. Sep. 17, 2014). Relief is granted. The judgment adjudicating guilt and the sentence in Cause No. 1412712 in the 183rd District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the allegations against him. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: January 14, 2015
Do not publish